Lipscomb, J.
The suit was brought on a note of hand made by the appellant, payable to appellee’s testator, for five hundred and seventy-four dollars, on or before tlie first day of January next, with interest from tlie 2d day of January, 1845, and dated 18th February, 1847. Tlie answer of the defendant shows that a penal bond iu tlie sum of two thousand dollars, for title to tlie laud for which tlie note was given, was, on the date of tlie above promissory note, executed and delivered by the testator Nelson to the defendant Bridge. And tlie defendant contends that according to tlie conditions of this bond tiie payment of tlie note was dependent upon tlie execution of title. We believe that this is not the true construction of the condition of the bond, and that its forfeiture was ouly intended to occur on the failure to make the title after the payment of tlie note. Its condition is as follows, i, e.:- “Now, when tlie said ■“Bridge shall pay tlie said note with interest, and the said Nelson shall “ make a good and sufficient warranty title to' the land before described to the •“said Bridge, his heirs, &o., then the above obligation to be void,” &c. It seems that tlie payment is first to be made, else why take tlie note payable at a particular day at all ? Why, if payment and title are to be made simultaneously, was it not provided for in the bond expressly? The bond was intended as a security to the defendant, aud to compel the vendor to make title on the receipt of payment of the note. In this case the deatli of tlie vendor lias left no one capable of making title until tlie vendee shall take the initiative step by applying to the Probate or District Court, aud asking for a decree of title upon the bond of the deceased vendor. (See art. 1102, 1-Iart. Dig.) And by art. 2270 it is provided that a bond of this description, when duly proven and recorded, shall be notice to all subsequent purchasers of tlie existence of such bond. Tlie vendee might then be safe in holding back and reposing upon bis bond for title, and would do so if lie could not be called upon for payment until title was made. It would seem, therefore, under this aspect, even if the payment of tlie money depended upon tlie simultaneous making of title, that tlie representative of the deceased vendor would have a right to bring suit (when tlie vendee would not become tlie actor) and ask a judgment for tlie money due to the succession. Tlie District Conrt would have ample power to protect tlie rights of botli parties, by securing the vendee in his title and giving judgment for tlie purchase-money. The amended petition admits tlie validity of tlie *203 bond, and tliat it was given for the same land for which the note was given in' part consideration, aud the vendee, by his plea, declares his readiness to pay tiie money in the note specified, upon his obtaining title for the land, and under such circumstances the court might well have entertained tiie suit and made, as it lias done, a decree vesting the title to tiie land in the vendee, even if the covenants in the bond had been dependent.
Note 6G. — Lawrence v. Simonton, 13 T., 220; Taylor v. Johnston, 10 T., 351.
Tiie evidence shows that the vendee never had tendered the payment and demanded title; bnt when tiie money was demanded said that lie was ready to pay when tiie title should be made to him, hut refused to apply to the Probate or tile District Court to have such title decreed, saying that lie could not get such tille as lie expected to get. This fear or supposition that lie would not get as good a title as lie expected could not be founded oil any defect of tiie title, because it is admitted that the title to tiie laud was in the vendor at the time of his death. IE he expected (o hold the laud under the bond, as he could have done, and avoid the payment of the purchase-money by claiming a literal fulfillment of the conditions of the bond, by having a warranty title made from the vendor after Iiis death, an expectation so repugnant to right and tiie principles of equity can never he realized.
IVe believe that there is no error, and that thé judgment and decree ought to he affirmed, which is so ordered.
Judgment affirmed.